| | |
|---|---|
| 1 | Tim M. Keegan, State Bar No. 251085 |
| 2 | OGLETREE, DEAKINS, NASH, <br>         SMOAK & STEWART, P.C. |
| 3 | 15 W. South Temple, Suite 950 <br> Salt Lake City, Utah 84101 |
| 4 | Telephone: (801) 658-6100 <br> Facsimile: (801) 385-1707 |
| 5 | tim.keegan@ogletree.com |
| 6 | *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA SZLAKOWSKI, <br><br>           Plaintiff, <br><br> vs. <br><br> EIV CAPITAL LLC; EIV CAPITAL, LLC; EIV FUND ADVISORS III, LLC; EIV FUND ADVISORS IV, LLC; JENNIFER GOTTSCHALK; DAVID FINAN; and DOES 1 to 100, inclusive, <br><br>           Defendants. | Case No. **'23CV1567 AJB BLM** <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SEC. 1332 AND 1441** <br><br> [*Filed concurrently herewith Certificate of Interested Parties; Civil Cover Sheet; Declarations of Timothy M. Keegan, David Finan, and Jennifer Gottschalk; Accompanying Exhibits; and Request for Judicial Notice*] |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants EIV Capital, LLC, EIV Fund Advisors III, LLC, EIV Fund Advisors IV, LLC, Jennifer Gottschalk and David Finan ("Defendants"), petition the Court to remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff Julia Szlakowski ("Plaintiff"), a citizen of the State of California, and Defendants, citizens of the State

of Delaware and the State of Texas; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

**I.     THE STATE COURT ACTION**

1.     On or about February 10, 2023, Plaintiff filed a complaint against Defendants EIV Capital, LLC, David Finan, and Jennifer Gottschalk, in San Diego County Superior Court, Case Number 37-2023-00006174-CU-WT-CTL.

2.     On June 1, 2023, without ever having served her initial complaint, Plaintiff filed a First Amended Complaint ("FAC").

3.     On July 18, 2023, Plaintiff sent, via certified US Mail, copies of the following documents: summons; complaint; first amended complaint; alternative dispute resolution package; civil case cover sheet; civil case cover sheet addendum; first amended general order; notice of case assignment; voluntary efficient litigation stipulations; and order pursuant to California Code of Civil Procedure section 1054. Plaintiff served all the foregoing documents via certified mail on all Defendants on July 18, 2023.

4.     Plaintiff's initial complaint in this matter is attached as Exhibit A. Plaintiff's FAC and accompanying documents are attached hereto collectively as Exhibit B. Plaintiff's Proofs of Services of Summons dated July 18, 2023, indicating service to an address outside California with return receipt requested pursuant to California Code of Civil Procedure section 415.40, are collectively attached hereto as Exhibit C.

5.     The FAC alleges the following causes of action: (1) discrimination based on sex, gender and disability in violation of the California Fair Employment & Housing Act against the entity Defendants; (2) hostile work environment harassment on the bases of gender, sex and disability in violation of the California Fair

Employment & Housing Act against all Defendants; (3) retaliation for engaging in protected activity in violation of the California Fair Employment & Housing Act against the entity Defendants; (4) failure to prevent discrimination, harassment and retaliation in violation of the California Fair Employment & Housing Act against the entity Defendants; (5) negligent hiring, supervision and retention against the entity Defendants; (6) wrongful termination of employment in violation of public policy against the entity Defendants; (7) whistleblower retaliation in violation of California Labor Code section 1102.5 against the entity Defendants; (8) intentional infliction of emotional distress against all Defendants; (9) negligent infliction of emotional distress against all defendants; and (1) violation of California Labor Code section 2802 against the entity Defendants.  See Exhibit B.

4.     On August 18, 2023, Defendants filed an answer in San Diego County Superior Court.  A true and correct copy of Defendants' answer is attached hereto as Exhibit D.

## II.     REMOVAL IS TIMELY

5.     A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. section 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

6.     Here, removal is timely because Defendant is filing this Notice of Removal within thirty (30) days of when service on Defendant was completed.  See Fed. R. Civ. P. 26.  Plaintiff served the complaint, FAC, summons, and other accompanying documents via certified mail pursuant to California Code of Civil Procedure section 415.40 on July 18, 2023.  See Exhibit C.  California Code of Civil Procedure section 415.40 provides: "A summons may be served on a person outside

this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of summons by this form of mail is deemed complete on the 10th day after such mailing." Accordingly, pursuant to the statute, Plaintiff's service of the summons, complaint, and FAC, were complete on July 28, 2023.

### III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

7. <u>Plaintiff is a Citizen of California</u>. See Exhibit B, para. 1. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. See Exhibit B, para. 1 ("Plaintiff Szlakowski is, and at all times mentioned in this Complaint was, a resident of the County of San Diego, California.").

8. <u>Defendants are all citizens of Delaware and/or Texas</u>. Defendants are now and were at the time of the filing of this action, citizens of states other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. section 1332(c)(1).

9. The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where

>the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."

*Id*. at 92-93.

10. At the time of the filing of Plaintiff's complaint, Defendants were, and still are, citizens of states other than California. As an initial matter, Plaintiff names as a defendant in her FAC a purported entity called "EIV Capital LLC." There is no such entity. The proper name of the entity is "EIV Capital, LLC." At the time of the filing of Plaintiff's complaint, EIV Capital, LLC was, and still is, a limited liability company organized and incorporated under the laws of the State of Texas. See Declaration of David Finan ("Finan Decl.") para. 5; Exhibit E. At the time of the filing of Plaintiff's complaint, Defendant EIV Capital, LLC's principal place of business was, and still is, located at 910 Louisiana Street, Suite 4010, Houston, Texas 77002. Finan Decl., para. 6. Defendant EIV Capital, LLC has never been incorporated in the State of California, nor has it ever maintained a principal place of business in the State of California.

11. At the time of the filing of Plaintiff's complaint, Defendant EIV Fund Advisors III, LLC was, and still is, a limited liability company organized and incorporated under the laws of the State of Delaware. Finan Decl., para. 8; Exhibit F. At the time of the filing of Plaintiff's complaint, Defendant EIV Fund Advisors III, LLC's principal place of business was, and still is, located at 910 Louisiana Street, Suite 4010, Houston, Texas 77002. Finan Decl., para. 9. Defendant EIV Fund Advisors III, LLC has never been incorporated in the State of California, nor has it ever maintained a principal place of business in the State of California. Finan Decl., para. 10.

12. At the time of the filing of Plaintiff's complaint, Defendant EIV Fund Advisors IV, LLC was, and still is, a limited liability company organized and incorporated under the laws of the State of Delaware. Finan Decl., para. 11; Exhibit G.

5

At the time of the filing of Plaintiff's complaint, Defendant EIV Fund Advisors IV, LLC's principal place of business was, and still is, located at 910 Louisiana Street, Suite 4010, Houston, Texas 77002. Finan Decl., para. 12. Defendant EIV Fund Advisors IV, LLC has never been incorporated in the State of California, nor has it ever maintained a principal place of business in the State of California. Finan Decl., para. 13.

13. Defendant David Finan is currently a citizen of the United States and the State of Texas. Defendant Finan has resided in Texas, in the Houston area, for approximately twenty-two years, with the intent to remain residing in that area. Accordingly, Defendant Finan was domiciled in Texas at the time Plaintiff filed her complaint in this action, and remains domiciled in the State of Texas as of the time of the filing of this Notice of Removal. Defendant Finan intends to remain domiciled in Texas indefinitely. Finan Decl., para. 2.

14. Defendant Jennifer Gottschalk is currently a citizen of the United States and of the State of Texas. Defendant Gottschalk has resided in Texas, in the Houston area primarily since approximately 1980, with the sole exception of living in the Austin, Texas area from approximately 1984 through 1989 while Defendant Gottschalk was in college. After college, Defendant Gottschalk returned to the Houston, Texas area where she has lived with the intent to remain residing in that area. According, Defendant Gottschalk was domiciled in Texas at the time Plaintiff filed her complaint in this action, and remains domiciled in the State of Texas at the time of the filing of this Notice of Removal and intends to remain domiciled in Texas indefinitely. Declaration of Jennifer Gottschalk ("Gottschalk Decl."), para. 2.0

15. **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a). This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff is a citizen of California and all Defendants are not citizens of California.

Therefore, complete diversity among the parties exists now, and did so at the time of the filing of Plaintiff's complaint on February 10, 2023.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

16. Removal is proper if, from the allegations of the complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); see also *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

17. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.

18. Based on Plaintiff's FAC, Plaintiff seeks to recover: general and special damages; exemplary damages; attorneys' fees; costs of suit; and declaratory relief. See Exhibit B, Prayer for Relief at p. 20.

19. Based on the allegations in the Complaint, Defendant's conservative, good-faith estimate of the value of this action if Plaintiff prevails and recovers the

damages that she seeks is well in excess of $75,000.  Specifically, Defendants estimate the amount in controversy as follows:

### A. Lost Earnings

20. Plaintiff's claim for compensatory damages, including lost prior and future earnings, must be based on her annual compensation during the time of her employment with Defendants.  At the time of Plaintiff's termination of employment with Defendant EIV Capital, LLC, in February of 2021, Plaintiff's annual base salary was approximately $300,000.  Finan Decl., para. 14.  It is reasonable to assume that Plaintiff will claim at least one-half year of unpaid back wages, if not more.  That amount alone would constitute a claim of approximately $150,000 in lost wages, well in excess of the minimum amount in controversy required for diversity jurisdiction.

### B. Emotional Distress Damages

21. Plaintiff alleges in her FAC that she suffered "severe emotional distress" as a result of Defendants' alleged conduct.  For example, Plaintiff asserts: "As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish."  See Exhibit B, para. 79.  Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy.  See *Simmons*, *supra*, 209 F. Supp. 2d at 1031–35.

22. To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. See *Simmons*, *supra*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999).  In California, courts have awarded substantial damages for emotional distress in employment cases alleging discrimination and retaliation.  See, e.g., *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical

leaves of absence); *Espinoza v. County of Orange*, 2009 WL 6323832 (Orange County Sup. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000 in emotional distress damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who provided note that she needed work restriction and then was terminated shortly thereafter); *Royal v. Los Angeles Community College District*, 2007 WL 1708023 (L.A. County Sup. Ct.) (awarding the plaintiff $65,000 in emotional distress damages for pregnancy discrimination). True and correct copies of these verdicts are attached as Exhibit H to the Declaration of Timothy M. Keegan ("Keegan Decl.") at ¶ 5.

23.   Therefore, if Plaintiff were to prevail at trial, it is possible she could be awarded an amount of emotional distress damages that in addition to any award for lost wages and benefits.

**C.   Punitive Damages**

24.   Plaintiff's Complaint also seeks recovery for punitive or exemplary damages. See, e.g., Exhibit B, para. 80 ("Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendants.").

22.   "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson*, *supra*, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

23.   California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. See *Lopez*, *supra*, 2007

WL 4339112 (San Francisco Sup. Ct.) ($2,000,000 punitive damages award to an employee who sued for pregnancy discrimination, on top of a $122,000 emotional distress damages award); *Juarez, supra*, 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in FEHA case); *Robinson v. Mantra Films, Inc.*, 2006 WL 3198969 (L.A. County Sup. Ct.) (plaintiff in pregnancy discrimination case claiming $12,964 in back wages, was awarded $137,930 in unspecified damages by an arbitrator); and *Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. 2013) (noting in pregnancy discrimination case that the $75,000 threshold would be "easily met" by adding $47,920.00 in projected lost wages to emotional distress damages, punitive damages, and statutory attorney's fees likely to be in excess of $27,280.00).  True and correct copies of these verdicts are attached as Exhibit H to Keegan Decl. at ¶ 5.

24. Therefore, if Plaintiff were to prevail at trial, she could be awarded a punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

**D. Attorneys' Fees**

25. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S*, *supra*, 142 F.3d at 1155-56. Attorneys' fees are recoverable as a matter of right to the prevailing party under the California Fair Employment and Housing Act ("FEHA"), as well as under California Labor Code section 1102.5. See Cal. Gov. Code section 12965, Labor Code section 1102.5(j).

26. Here, Plaintiff seeks attorneys' fees under FEHA pursuant to the California Government Code. See, e.g., Exhibit B, paras. 34, 41, 49 & 68. Thus, the Court must consider Plaintiff's request for attorneys' fees in assessing the amount-in-controversy requirement.

27. Courts have awarded far in excess of $75,000 in attorneys' fees in FEHA

cases. See, e.g., *Beasley v. East Coast Foods, Inc.*, Case No. BC509995 (L.A. County Sup. Ct.) (attorney's fees award of $1,514,140 in FEHA case). A true and correct copy of this verdict is attached as Exhibit H to Keegan Decl., para. 5.

28. Defendants anticipates depositions being taken in this case and that Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would exceed $75,000 if the case proceeds to trial. See Keegan Decl., para. 4.

29. Accordingly, based on a good-faith estimate of the value of the claims asserted on the face of the complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *Sanchez*, *supra*, 102 F.3d at 404; see, e.g., *Simmons*, *supra*, 209 F. Supp. 2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); and *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the time of removal). True and correct copies of these verdicts are attached as Exhibit H to Keegan Decl., para. 5.

11

30. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

**V.  THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE MET**

31. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of San Diego, is located within the Southern District of California. Therefore, venue is proper in this Court, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

32. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within 30 days after service of the FAC pursuant to California Code of Civil Procedure section 415.40, on July 18, 2023.

33. In accordance with 28 U.S.C. section 1446(a), Exhibits A, B, C and D, attached hereto, contain copies of all process, pleadings, and orders served upon Plaintiff, Defendants, or the Court.

34. In accordance with 28 U.S.C. section 1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, San Diego County.

35. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendants remove the above-referenced action to this Court.

DATED: August 25, 2023.

                          OGLETREE DEAKINS, NASH,
                          SMOAK & STEWART, P.C.

                          */s/ Tim M. Keegan*
                          Tim M. Keegan
                          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of August, 2023, I served the foregoing **NOTICE OF REMOVAL** on the persons identified below as indicated:

| | | |
|---|---|---|
| Carney R. Shegerian | ☐ | U.S. Mail – Postage Prepaid |
| Mahru Madjidi | ☐ | Hand Delivery |
| Bryan Kirsh | ☐ | Electronic Filing |
| SHEGERIAN & ASSOCIATES, INC. | ☑ | Email |
| 11520 San Vicente Blvd. | | |
| Los Angeles, CA 90049 | | |
| cshegerian@shegerianlaw.com | | |
| mmadjidi@shegerianlaw.com | | |
| bkirsh@shegerianlaw.com | | |
| *Attorneys for Plaintiff* | | |

                          */s/ Tim M. Keegan*

57970469.v1-OGLETREE

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
15 W. SOUTH TEMPLE, SUITE 950
SALT LAKE CITY, UTAH 84101
TELEPHONE: 801.658.6100