# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right">

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/10/2023** at 08:55:00 PM

Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EIV CAPITAL, LLC, a Delaware corporation; DAVID FINAN, an individual; JENNIFER GOTTSCHALK; an individual; and DOES 1 TO 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JULIA SZLAKOWSKI, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT

330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2023-00006174-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher A. Villasenor, Esq., 12396 World Trade Dr. #211, San Diego, CA 92128, 858-707-7771, chris@sdlawfirm.net

DATE: 02/14/2023
*(Fecha)*

Clerk, by _____ J. Siharath, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Bryan Kirsh, Esq., State Bar No. 318238
BKirsh@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number: (310) 860 0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
JULIA SZLAKOWSKI

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/01/2023** at 11:19:00 AM
Clerk of the Superior Court
By Mariejo Guyot,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JULIA SZLAKOWSKI,<br><br>        Plaintiff,<br><br>vs.<br><br>EIV CAPITAL LLC; EIV CAPITAL, LLC; EIV FUND ADVISORS III, LLC; EIV FUND ADVISORS IV, LLC; JENNIFER GOTTSCHALK; DAVID FINAN; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.: 37-2023-00006174-CU-WT-CTL<br><br>**PLAINTIFF JULIA SZLAKOWSKI'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>**(2) HARASSMENT IN VIOLATION OF THE FEHA;**<br><br>**(3) RETALIATION IN VIOLATION OF THE FEHA;**<br><br>**(4) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF THE FEHA;**<br><br>**(5) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**<br><br>**(6) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**(7) VIOLATION OF LABOR CODE § 1102.5;**<br><br>**(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**(9) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(10) VIOLATION OF LABOR CODE § 2802.**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

|  | **Page** |
|---|---|
| SUMMARY | 1 |
| PARTIES | 1 |
| VENUE | 3 |
| FACTS COMMON TO ALL CAUSES OF ACTION | 4 |
| FIRST CAUSE OF ACTION | 9 |
| (Discrimination on the Bases of Gender, Sex, and Disability (Government Code § 12900, *et seq.*)—Against Entity Defendants and Does 1 to 100, Inclusive) | 9 |
| SECOND CAUSE OF ACTION | 10 |
| (Hostile Work Environment Harassment on the Bases of Gender, Sex, and Disability (Government Code § 12900, *et seq.*)—Against All Defendants and Does 1 to 100, Inclusive) | 10 |
| THIRD CAUSE OF ACTION | 11 |
| (Retaliation for Engaging in Protected Activity (Government Code § 12900, *et seq.*)—Against Entity Defendants and Does 1 to 100, Inclusive) | 11 |
| FOURTH CAUSE OF ACTION | 12 |
| (Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12900, *et seq.*)—Against Entity Defendants and Does 1 to 100, Inclusive) | 12 |
| FIFTH CAUSE OF ACTION | 13 |
| (Negligent Hiring, Supervision, and Retention—Against Entity Defendants and Does 1 to 100, Inclusive) | 13 |
| SIXTH CAUSE OF ACTION | 14 |
| (Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)—Against Entity Defendants and Does 1 to 100, Inclusive) | 14 |
| SEVENTH CAUSE OF ACTION | 16 |
| (Whistleblower Retaliation (Labor Code § 1102.5, *et seq.*)—Against Entity Defendants and Does 1 to 100, Inclusive) | 16 |
| EIGHTH CAUSE OF ACTION | 17 |
| (Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035)—Against All Defendants and Does 1 to 100, Inclusive) | 17 |

-i-

NINTH CAUSE OF ACTION ........................................................................ 18

    (Negligent Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035)—Against All Defendants and Does 1 to 100, Inclusive) ........................ 18

TENTH CAUSE OF ACTION ........................................................................ 19

    (Violation of Labor Code § 2802—Against Entity Defendants and Does 1 to 100, Inclusive) ......................................................................................... 19

PRAYER ........................................................................................................ 20

Plaintiff, Julia Szlakowski, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Julia Szlakowski ("plaintiff" or "Szlakowski"), whose employment with defendants, EIV Capital LLC, EIV Capital, LLC, EIV Fund Advisors III, LLC, and EIV Fund Advisors IV, LLC, (hereinafter referred to as "Entity Defendants"), was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Code of Civil Procedure section 1021.5, and Labor Code section 1102.5(j).

## PARTIES

1. *Plaintiff:*  Plaintiff Szlakowski is, and at all times mentioned in this Complaint was, a resident of the County of San Diego, California.

2. *Defendants:*

   a.   Entity Defendants are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendants places of business, where the following causes of action took place include, among other places the County of San Diego, California and in the County of Harris, at 910 Louisiana Street, Suite 4010, Houston, Texas 77002.

   b.   Defendant David Finan ("Finan") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Finan is, and at all times mentioned in this Complaint was, a resident of Houston, Texas.

   c.   Defendant Jennifer Gottschalk ("Gottschalk") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Gottschalk is, and at all

times mentioned in this Complaint was, a resident of Houston, Texas.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all

other defendants.

5.   Entity Defendants directly and indirectly employed plaintiff Frederickson, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6.   In addition, Entity Defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

8.   The actions at issue in this case occurred in the State of California, in the County of Los Angeles.  Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties, an action may be brought within the county of the defendant's residence or principal office . . .

(California Government Code § 12965(b).)

9.   Here, the Plaintiff worked primarily in California in the County of San Diego. The location where Plaintiff worked was located in San Diego, California. The majority of the unlawful actions on the part of the defendants occurred while Plaintiff worked in the County of San Diego. Moreover, at all relevant times in this Complaint, Entity Defendants hired Plaintiff to perform fundraising and other marketing services and paid Plaintiff's wages in the County of San Diego in this Court's jurisdiction.

10.   "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports,*

*Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id.* at 487.)

## FACTS COMMON TO ALL CAUSES OF ACTION

11.  *Plaintiff's hiring:*

a.  Plaintiff Szlakowski, a 43-year-old female, has worked in finance since 2010. In December 2018, she was hired by Entity Defendants as an employee and Director of Communications and Investor Relations.

b.  Plaintiff's primary role at Entity Defendants was to raise institutional capital for their private equity funds from institutional investors. Although Entity Defendants is based out of Houston, Texas, Plaintiff primarily worked from her home office in San Diego, California.

c.  Prior to working for Entity Defendants, in December 2016, Plaintiff was hired by AMP Capital ("AMP"), an established company headquartered in Sydney, Australia, as head of North America for their entire suite of private equity fund products. While employed at AMP, Plaintiff was the victim of sexual harassment, which spanned over approximately six months. She filed a complaint for sexual harassment against AMP, and an investigation found in her favor. Plaintiff resigned from AMP in March 2018.

d.  On or about June 2020, an anonymous third party tipped off the press about Plaintiff's credible complaint made against AMP. On or about July 1, 2020, the story was picked up by the international press and widely disseminated in the media.

e.  On or about July 2020, Plaintiff discovered that AMP through the use of a crisis PR firm, created a false narrative in the public media about the case and Plaintiff in general to attempt to defend their own interests.

f.  On or about August 2020, Plaintiff decided to come forward publicly to

protect her personal and professional reputation and rebut AMP's false claims. Her story sparked the "Me Too" movement in corporate Australia concerning sexual harassment against women. In addition, she instantaneously became the face of the movement in Australia. AMP was subsequently destroyed by the negative publicity regarding Plaintiff's case, and their funds were decimated.

12. *Plaintiff's job performance:* At all times throughout her employment, Plaintiff was an exemplary employee who was known for going above and beyond the expectations of her job. Even in the midst of the COVID-19 pandemic and decreasing oil prices, Plaintiff was able to surpass the targets for both EIV Capital funds. The EIV partnership and great investment team were thrilled with the results and gave her a glowing review in January 2020. Overall, Entity Defendants' relationship with Plaintiff was revered and protected up through the time the AMP story and her direct involvement in the "Me Too" movement was disclosed. Further, Plaintiff's work performance evaluations were excellent or exceeded all expectations during this time.

13. *Plaintiff's protected status and activity:*

a. Plaintiff is a female.

b. Plaintiff suffered from disabilities during her employment that limited one or more major life activities.

c. Plaintiff made protected complaints including but not limited to complaints of discrimination, retaliation, and harassment, violations of the Fair Employment and Housing Act, and other state, federal and local rules and laws.

14. *Defendants' adverse employment actions and behavior:*

a. In approximately July 2020, Plaintiff decided to go public with her side of the facts on the AMP story. Plaintiff scheduled separate conference calls and informed Entity Defendants' principal partners and officers: David Finan, Jennifer Gottschalk, Patti Melcher Greg Davis, and Jill Stamets of the recent AMP media coverage and her intent to go public to defend her personal and professional interests. During these meetings, Plaintiff volunteered to share all materials documenting the harassment at AMP and shared

access to a Google drive wherein she kept a log of most pertinent media coverage of the case.    Initially, the partners and agents were interested in reviewing the documentation, however, they changed their minds. The partners and agent did review the media coverage through various mediums.

      b.  Immediately  following  the  aforementioned  teleconferences  with  Entity Defendants, two male partners at Entity Defendants, strongly advised Plaintiff not to go public about the AMP scandal. They stated words to the effect of, you need to think about your future at Entity Defendants.

      c.  Plaintiff decided to go public with her side of the story to protect her personal and  professional reputation. Private equity is a notoriously dominated male industry. When Plaintiff went public, within seven days, the biggest institutional investors forced the resignations of the board at AMP limited, the parent company at AMP Capital. This ignited corporate Australia's "Me Too" movement. The whole story was front page news in Australia and numerous news outlets throughout the world.

      d.  Following the AMP publication and Plaintiff's public statement, she was mistreated,  harassed,  discriminated  and  ridiculed  by  partners  and  officers  at  Entity Defendants despite her work performance. Certain staff at Entity Defendants felt sorry for Plaintiff and her mistreatment and commented on it during personal meetings.

      e.  Upon learning that Plaintiff intended to go public, Finan became irate and proceeded to harass, humiliate, and dehumanize Plaintiff during meetings, in person and over the telephone immediately and throughout the remainder of Entity Defendants' employment. He verbally abused Plaintiff creating a hostile work environment as a result of participating in the AMP matter and "Me Too" movement.

      f.  Following Plaintiff's complaints to Gottschalk regarding Finan's abuse and retaliation, Gottschalk stepped in as Plaintiff's supervisor. Subsequently Gottschalk started instituting unreasonable demands and mirrored Finan's behavior, which continued to foster a hostile work environment. These actions were designed to force Plaintiff to quit versus terminating her.

g.   In approximately October 2020, Defendants provided Plaintiff with a 100-day work plan. Plaintiff successfully completed and performed under the 100-day plan, which they were supposed to review in February 2021. Following the AMP publication and Plaintiff's public statements, defendants fabricated poor performance.

h.   Defendants' actions maliciously aggravated her stress. In or around January 2021, Plaintiff informed Gottschalk that she had a history of anxiety that is managed well (via medication) but explained that things may boil over if the stress continues for much longer. During this conversation, Plaintiff explained to Gottschalk her concerns with how irate Finan had gotten, how much he's humiliated her, and how things became hostile and felt malicious.

15.   *Defendants' termination of plaintiff's employment:*

a.   On February 11, 2021, Entity Defendants partners Patti Melcher and Ms. Gottschalk scheduled a Zoom meeting to discuss Plaintiff's 100 Day plan. Instead, Plaintiff was ambushed and informed that they were going to discuss her separation from Entity Defendants. During this short Zoom meeting, Melcher and Gottschalk only cited a "difference of opinion," thanked Plaintiff for her good work, and after the meeting strongly suggested that she sign a release of all claims and think about her future job prospects.  No definitive reason was provided for her termination. She was paid her salary through February 15, 2021; however, she was not paid all of her costs.  Szlakowski was required to pay approximately $233.57 in order to return her company issued laptop but was never reimbursed for such expense. Defendants discriminated against Plaintiff in retaliation with her decision to discuss the "Me Too" movement. This caused Plaintiff to lose significant salary and wages.

16.   *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

17.  *Non-economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a.  *Malice:*  Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's gender, sex, disabilities (actual, perceived, and/or history of) and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b.  *Oppression:*  In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her gender, sex, disabilities (actual, perceived, and/or history of) and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c.  *Fraud:*  In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to harm plaintiff and deprive her of legal rights.

19.  *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

20.   *Exhaustion of administrative remedies:*   Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**(Discrimination on the Bases of Gender, Sex, and Disability**

**(Government Code § 12900, *et seq.*)—Against Entity**

**Defendants and Does 1 to 100, Inclusive)**

21.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

22.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because of the employee's gender, sex, and/or disability (actual, perceived, and/or history of), or other protected characteristics.

23.   Plaintiff's gender, sex, disabilities (actual, perceived, and/or history of), and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, and their decision not to retain, transfer, hire, select, or otherwise employ plaintiff in any position, to harass plaintiff, and/or to take other adverse employment actions against plaintiff.

24.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain general and special damages, including substantial losses of earnings and other employment benefits.

25.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

26.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

27.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION

### (Hostile Work Environment Harassment on the Bases of Gender, Sex, and Disability (Government Code § 12900, *et seq.*)—Against All Defendants and Does 1 to 100, Inclusive)

28.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

29.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from harassing any employee because of that employee's gender, sex, disability (actual, perceived, and/or history of), or other protected characteristics.

30.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the basis of plaintiff's gender, sex, disabilities (actual, perceived, and/or history of), and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

31.   Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

32.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings

1    and other employment benefits.

2        33.   As a proximate result of defendants' willful, knowing, and intentional harassment

3    of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress,

4    and mental and physical pain and anguish, all to her damage in a sum according to proof.

5        34.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

6    Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable

7    attorneys' fees and costs (including expert costs) in an amount according to proof.

8        35.   Defendants' harassment was committed intentionally, in a malicious, fraudulent,

9    and/or oppressive manner, and this entitles plaintiff to punitive damages against

10   defendants.

### THIRD CAUSE OF ACTION

### (Retaliation for Engaging in Protected Activity

### (Government Code § 12900, *et seq.*)—Against Entity

### Defendants and Does 1 to 100, Inclusive)

16       36.   The allegations set forth in preceding paragraphs are re-alleged and incorporated

17   herein by reference.

18       37.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,*

19   was in full force and effect and was binding on defendants. This statute requires defendants

20   to refrain from retaliating against any employee for requesting accommodation, making

21   complaints of or opposing discrimination, harassment, or retaliation or otherwise engaging

22   in activity protected by FEHA, including for seeking to exercise rights guaranteed under

23   FEHA and/or for assisting or participating in an investigation, opposing defendants'

24   failure to provide rights, including the right to assist or participate in an investigation, or

25   opposing defendants' failure to provide rights, including the right to complain and the right

26   to assist in a lawsuit, and the right to be free of retaliation, in violation of Government

27   Code section 12940(h).

28       38.   Plaintiff's seeking to exercise rights guaranteed under FEHA by requesting

accommodation, opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

39.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

40.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

41.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

42.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12900, *et seq.*)—Against Entity Defendants and Does 1 to 100, Inclusive)

43.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable

steps necessary to prevent discrimination and harassment from occurring."

45.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of her gender, sex, disability (actual, perceived, and/or history of), good faith complaints, and/or other protected status and/or because plaintiff engaged in protected activity.

46.   Plaintiff believes that she was subjected to discrimination, harassment, and retaliation because of her gender, sex, disability (actual, perceived, and/or history of), good faith complaints, and/or other protected status and/or because plaintiff engaged in protected activity.

47.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48. _ As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

49.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### FIFTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and Retention—Against
### Entity Defendants and Does 1 to 100, Inclusive)

51.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

52.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

53.   Defendants were aware of the harmful, discriminatory, harassing, and retaliatory conduct by Entity Defendants employees, including, but not limited to, David Finan and Jennifer Gottschalk.

54.   Defendants breached these duties. As a result, defendants caused damages to plaintiff.  As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## SIXTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation
### of Public Policy (*Tameny v. Atlantic Richfield Co.*
### (1980) 27 Cal.3d 167)—Against Entity Defendants and Does
### 1 to 100, Inclusive)

55.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

56.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of her protected status (*i.e.,* gender, sex, disabilities) and/or raising complaints of actual and/or potential illegality, including complaints about violations of FEHA, Government Code section 12900, *et seq.,* and the California Constitution. Plaintiff's employment was terminated for substantial motivating

reasons, including her protected status as disabled (based upon her anxiety) and a female. The public policy of promoting political discourse and encouraging expression without the fear of retaliation is a cornerstone of our democracy, and Plaintiff suffered adverse employment action for exercising her First Amendment right by engaging in political activities outside of work, participating in the "Me Too" movement, and whistleblowing against her former employer which Defendants have no relation to. Whistleblowing is an important public policy to encourage reporting of wrongdoing and ensuring prompt investigation, which defendants actively chilled when instructing and retaliating against Plaintiff for engaging in the protected activity of whistleblowing against her former employer. These actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, et seq., and California Labor Code section 1102.5.

57.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

58.   As a result of defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

59.   Defendant's wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages.

60.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

61.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

# SEVENTH CAUSE OF ACTION

## (Whistleblower Retaliation (Labor Code § 1102.5, *et seq.*)—

## Against Entity Defendants and Does 1 to 100, Inclusive)

62.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

63.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants.  This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of potential illegality, for providing information about such potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct.  The statute further prohibits defendants from retaliating against any employee, including plaintiff, because the employee refused to participate in activity that would result in a violation of the law.

64.   Plaintiff raised complaints of illegality while she worked for defendants, and defendants retaliated against her by discriminating and retaliating against her, harassing her, and taking adverse employment actions, including employment termination, against her.

65.   Plaintiff raised complaints of actual and/or potential illegality, including complaints about violations of FEHA, Government Code section 12900, *et seq.,* and the California Constitution, while she worked for defendants, and defendants retaliated against her by taking adverse employment actions, including employment termination, against her.

66.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

67.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

68.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code § 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

69.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress
### (*Hughes v. Pair* (2009) 46 Cal.4th 1035)—Against
### All Defendants and Does 1 to 100, Inclusive)

70.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

71.  Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.   Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship.

72.  As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

73.  As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

74.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages.

///

## NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress

### (*Hughes v. Pair* (2009) 46 Cal.4th 1035)—Against

### All Defendants and Does 1 to 100, Inclusive)

75.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

76.   Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted extreme and outrageous misconduct and caused Plaintiff severe emotional distress.

77.   In treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood because of plaintiff's gender, sex, and disabilities (actual, perceived, and/or history of) and participation in protected activities, Defendants acted with reckless disregard of the likelihood that their conduct would devastate plaintiff and cause her extreme hardship.

78.   As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

79.   As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

80.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against defendants.

///

///

///

///

# TENTH CAUSE OF ACTION

## (Violation of Labor Code § 2802—Against Entity

## Defendants and Does 1 to 100, Inclusive)

81.  The allegations set forth in the above paragraphs are re-alleged and incorporated herein by reference.

82.  Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

83.  Pursuant to Labor Code section 2804, any contract or agreement, express or implied, made by any employee to waive the benefits of section 2802 or any part thereof is null and void.

84.  California Labor Code section 2802(c) provides that the term "necessary expenditures or losses" includes all reasonable costs, including attorneys' fees, incurred by the employee in enforcing the rights granted by California Labor Code section 2802.

85.  California Labor Code section 2802 requires defendants reimburse and indemnify plaintiff for all necessary expenditures or losses plaintiff incurred in direct consequence of the discharge of plaintiff's duties.

86.  At all times relevant hereto and during the period of plaintiff's employment with defendants, defendants required plaintiff to pay approximately $233.57 in order to return her company issued laptop in discharging her duties for defendants. Plaintiff was never reimbursed for the costs incurred in having to return her company issued laptop.

87.  Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto defendants violated Labor Code section 2802 by failing to reimburse plaintiff for the cost associated with returning her company issued laptop. These costs were incurred as a direct consequence of plaintiff's duties to defendants.

88.  Pursuant to Labor Code section 2802(c), plaintiff requests that the court award

1  plaintiff reasonable attorneys' fees and costs incurred in this action.

2      89.   Plaintiff is owed necessary expenses of at least $233.57 for the costs incurred to

3  return her company issued laptop for which she was never reimbursed. In addition, interest

4  shall accrue from the date on which plaintiff incurred the necessary expenditures.

5

6  <div align="center">**PRAYER**</div>

7      WHEREFORE, plaintiff, Julia Szlakowski, prays for judgment against defendants as

8  follows:

9      1.   For general and special damages according to proof;

10      2.   For exemplary damages, according to proof;

11      3.   For pre-judgment and post-judgment interest on all damages awarded;

12      4.   For reasonable attorneys' fees;

13      5.   For costs of suit incurred;

14      6.   For declaratory relief;

15      7.   For such other and further relief as the Court may deem just and proper.

16

17      ADDITIONALLY, plaintiff, Julia Szlakowski, demands trial of this matter by jury.

18  The amount demanded exceeds $25,000.00 (Government Code § 72055).

19

20  Dated:  June 1, 2023            SHEGERIAN & ASSOCIATES, INC.

21

22                 By: _____

23                         Mahru Madjidi, Esq.

24                         Attorneys for Plaintiff,
                       JULIA SZLAKOWSKI

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Christopher A. Villasenor, SBN 147118, Law Offices of Christopher A. Villasenor, APC<br>12396 World Trade Drive, Suite 211, San Diego, CA  92128<br><br>  TELEPHONE NO.: 858-707-7771        FAX NO. *(Optional):* 858-707-7773<br>  E-MAIL ADDRESS: chris@sdlawfirm.net<br>  ATTORNEY FOR *(Name):* Plaintiff, Julia Szlakowski | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/10/2023** at 08:55:00 PM<br><br>Clerk of the Superior Court<br>By Jimmy Siharath,Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
  STREET ADDRESS: 330 W. Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
SZLAKOWSKI vs. EIV CAPITAL, LLC, et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited          [ ] Limited<br>(Amount                     (Amount<br>demanded                 demanded is<br>exceeds $25,000)      $25,000 or less) | Complex Case Designation<br>[ ] Counter       [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2023-00006174-CU-WT-CTL<br><br>JUDGE: Judge Richard S. Whitney<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: February 10, 2023
Christopher A. Villasenor, Esq.
_____
(TYPE OR PRINT NAME)                            ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**


Print this form   Save this form   Clear this form

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/10/2023** at 08:55:00 PM

Clerk of the Superior Court
By Jimmy Siharath,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EIV CAPITAL, LLC, a Delaware corporation; DAVID FINAN, an individual; JENNIFER GOTTSCHALK; an individual; and DOES 1 TO 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIA SZLAKOWSKI, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT

330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2023-00006174-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher A. Villasenor, Esq., 12396 World Trade Dr. #211, San Diego, CA 92128, 858-707-7771, chris@sdlawfirm.net

DATE: 02/14/2023                  Clerk, by _____ , Deputy
*(Fecha)*                          *(Secretario)*   J. Siharath        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher A. Villasenor, SBN 147118, Law Offices of Christopher A. Villasenor, APC | |

12396 World Trade Drive, Suite 211, San Diego, CA  92128

TELEPHONE NO.: 858-707-7771    FAX NO. *(Optional):* 858-707-7773
E-MAIL ADDRESS: chris@sdlawfirm.net
ATTORNEY FOR *(Name):* Plaintiff, Julia Szlakowski

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA  92101
BRANCH NAME: Central Division – Hall of Justice

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/10/2023** at 08:55:00 PM

Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

CASE NAME:
SZLAKOWSKI vs. EIV CAPITAL, LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2023-00006174-CU-WT-CTL |
| | | | | JUDGE: Judge Richard S. Whitney DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4.  Number of causes of action *(specify):* Nine (9)
5.  This case [ ] is  [X] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 10, 2023

Christopher A. Villasenor, Esq.
_____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. September 1, 2021]                          **CIVIL CASE COVER SHEET**                          Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.



Print this form          Save this form          Clear this form

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S): | Julia Szlakowski |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | EIV CAPITAL LLC et.al. |
|---|---|

SZLAKOWSKI VS EIV CAPITAL LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2023-00006174-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Richard S. Whitney                                    Department: C-68

**COMPLAINT/PETITION FILED: 02/10/2023**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/04/2023 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christopher A. Villasenor,  SBN 147118
Law Offices of Christopher A. Villasenor, APC
12396 World Trade Drive, Suite 211
San Diego, CA  92128
TELEPHONE NO.: 858-707-7771     FAX NO. *(Optional):* 858-707-7773
E-MAIL ADDRESS *(Optional):* chris@sdlawfirm.net
ATTORNEY FOR *(Name):* Plaintiff, Julia Szlakowski

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/07/2023** at 02:33:00 PM

Clerk of the Superior Court
By Brenda Ramirez,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS:  330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:  San Diego, CA  92101
BRANCH NAME:  Central Division

CASE NAME:

SZLAKOWSKI vs. EIV CAPITAL LLC et al.

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: 37-2023-0006174-CU-WT-CTL |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Julia Szlakowski    makes the following substitution:

1. Former legal representative   ☐ Party represented self   ☑ Attorney *(name):* Christopher A. Villasenor, Esq.
2. New legal representative   ☐ Party is representing self*   ☑ Attorney
   a. Name: Carney R. Shegerian, Esq.        b. State Bar No. *(if applicable):* 150461
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      Shegerian & Associates, Inc.
      11520 San Vicente Boulevard, Los Angeles, CA 90049
   d. Telephone No. *(include area code):* 310-860-0770
3. The party making this substitution is a   ☑ plaintiff   ☐ defendant   ☐ petitioner   ☐ respondent   ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- • Guardian            • Personal Representative        • Guardian ad litem
- • Conservator         • Probate fiduciary              • Unincorporated
- • Trustee             • Corporation                      association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney, SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 05/26/2023
   Julia Szlakowski
   _____
   (TYPE OR PRINT NAME)

   *Julia Szlakowski*
   Julia Szlakowski (May 26, 2023 12:06 PDT)
   _____
   (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: May 16, 2023
   Christopher A. Villasenor, Esq.
   _____
   (TYPE OR PRINT NAME)

   _____
   (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: May 26, 2023
   Carney Shegerian, Esq.
   _____
   (TYPE OR PRINT NAME)

   _____
   (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                   Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

**MC–050**

| CASE NAME: | CASE NUMBER: |
|---|---|
| — SZLAKOWSKI vs. EIV CAPITAL LLC et al. | 37-2023-0006174-CU-WT-CTL |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing:                    (2) Place of mailing *(city and state)*:

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:
   b. Address *(number, street, city, and ZIP)*:


   c. Name of person served:
   d. Address *(number, street, city, and ZIP)*:


   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:


   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:


   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:


   ☐   List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S):   Julia Szlakowski

DEFENDANT(S): EIV CAPITAL LLC et.al.

SHORT TITLE:   SZLAKOWSKI VS EIV CAPITAL LLC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00006174-CU-WT-CTL |
|---|---|

Judge: Richard S. Whitney                                                 Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                  ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                 ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____            Date: _____

_____         _____
Name of Plaintiff                        Name of Defendant

_____         _____
Signature                                Signature

_____         _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____         _____
Signature                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/14/2023                        _____
                                         JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00006174-CU-WT-CTL        CASE TITLE: Szlakowski vs EIV CAPITAL LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.