# EXHIBIT D

Tim M. Keegan, CA State Bar No. 251085
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
15 W. South Temple, Suite 950
Salt Lake City, Utah 84101
Telephone: (801) 658-6100
Facsimile: (801) 385-1707
tim.keegan@ogletree.com

*Attorneys for Defendants*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JULIA SZLAKOWSKI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>EIV CAPITAL LLC; EIV CAPITAL, LLC; EIV FUND ADVISORS III, LLC; EIV FUND ADVISORS IV, LLC; JENNIFER GOTTSCHALK; DAVID FINAN; and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | Case No. 37-2023-00006174-CU-WT-CTL<br><br>*[Assigned for all purposes to The Honorable Richard S. Whitney, Dept. C-68]*<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants EIV Capital LLC; EIV Capital, LLC; EIV Fund Advisors III, LLC; EIV Fund Advisors IV, LLC; Jennifer Gottschalk; and David Finan (hereinafter "Defendants") hereby answer the First Amended Complaint ("FAC") filed by Plaintiff Julia Szlakowski ("Plaintiff") as follows:

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the FAC, and further deny that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants. Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

**(Consent)**

The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of consent.

### FIFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable

statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, and California Government Code sections 12960 and 12965(a) and (b).

### EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction/Failure to Exhaust Administrative Remedies)

Some or all of the claims for damages in the Complaint are barred in that this Court lacks jurisdiction over the Complaint because Plaintiff failed to timely or properly exhaust her administrative remedies, including, but not limited to, remedies under the California Fair Employment Housing Act, Title VII of the Civil Rights Act of 1964, and/or the California Labor Code.

### NINTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Punitive/Exemplary Damages)

Defendants are not liable to Plaintiff for punitive damages because neither Defendants nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## TWELFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendants pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith/Frivolous Claims)

Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and her attorneys.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendants' alleged actions were based on legitimate nondiscriminatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

The Complaint, and each and every cause of action alleged therein, is barred to the extent a trier of fact finds that Defendants' actions were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have motivated Defendants to make the same decision.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

4

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions or Alternative Causes)

To the extent Plaintiff suffered any symptoms of mental, emotional, or physical injury, they were the result of pre-existing conditions or alternative causes, and not the result of any act or omission of Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendants reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, and upon further discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;
3. That Defendants be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED this 18th day of August, 2023.

OGLETREE DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/
Tim M. Keegan
Attorneys for Defendants

5

**PROOF OF SERVICE**
*Julia Szlakowski v. EIV Capital LLC, et al.*
Case No. 37-2023-00006174-CU-WT-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego, in the office of a member of the bar of this court at whose direction the service was made. My business address is 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

On August 18, 2023, I served the following document(s):

**ANSWER TO FIRST AMENDED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

  ☐ the written confirmation of counsel in this action:

  ☐ [State Court motion, opposition or reply only] Code of Civil Procedure section 1005(b):

  ☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:** I caused to be delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package

6

clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Addressee(s)

Carney R. Shegerian
Mahru Madjidi
Bryan Kirsh
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Blvd.
Los Angeles, CA 90049
Email: cshegerian@shegerianlaw.com
       mmadjidi@shegerianlaw.com
       bkirsh@shegerianlaw.com

Attorneys for Plaintiff, JULIA SZLAKOWSKI

☒ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 18, 2023, at San Diego, California.

Michelle Doan
michelle.doan@ogletree.com
Type or Print Name                                    Signature

57341737.v1-OGLETREE